UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TWIN ROCK PARTNERS, LLC § <br> § <br> v.  § <br> § <br> UNDERWRITERS AT LLOYDS, § <br> LONDON § <br> and VANGUARD CLAIMS § <br> ADMINISTRATION, INC. § <br> § | Case No. CIV-22-414-G <br><br> JURY DEMANDED |

### **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Vanguard Claims Administration, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. NATURE OF THE SUIT

1. This lawsuit arises from a series of three insurance claims made by Plaintiff Twin Rock Partners, LLC ("Plaintiff" or "Twin Rock") under a policy of property insurance issued to Plaintiff by Defendant Underwriters at Lloyd's, London ("Underwriters"). Plaintiff asserts causes of action for breach of contract and common law bad faith arising out of the alleged non-payment or underpayment of its insurance claims. Plaintiff seeks punitive damages as well as actual damages, attorney fees, interest, and costs.

### II. PROCEDURAL BACKGROUND

2. On March 3, 2020, Plaintiff filed a "Petition for Appointment of Neutral Umpire" in the District Court of Oklahoma County, Oklahoma, bearing Cause No. CJ-2020-1259 ("the Umpire Action"). See **Exhibit 1**. On April 2, 2020, Plaintiff amended

1

the Petition for Appointment of Neutral Umpire without ever having served the original Petition on any defendant.  See **Exhibit 2**.  Plaintiff served the Amended Petition for Appointment of Neutral Umpire on Underwriters via the Oklahoma Department of Insurance on April 16, 2020.  See **Exhibit 3**.  At that time, the suit was not an action for damages, but was merely a request to appoint an umpire in a pending appraisal on one of the three insurance claims which are the subject of the state court suit in its current incarnation.  On August 6, 2020, upon being informed of the parties' previous agreement to an umpire, Plaintiff's counsel actively represented he would dismiss the Umpire Action.  See **Exhibit 10**.

3. Plaintiff did not dismiss the Umpire Action as promised.  Instead, on April 5, 2021, while the appraisal was still under way, and before any alleged breach of contract could have become ripe, Plaintiff filed an "Amended Petition" converting the Umpire Action into a suit for breach of contract on all three insurance claims (the "Breach of Contract Action").  See **Exhibit 4**.  There is no evidence in the state court's record that Plaintiff requested a summons or made any other effort to serve the Breach of Contract Action on Underwriters, which would have given notice to Underwriters that Plaintiff was seeking breach of contract damages.  See **Exhibit 9**. Plaintiff allowed the Breach of Contract Action to sit for *nearly a year* without serving Underwriters.  At no time during this period did Plaintiff's counsel notify Underwriters of the Breach of Contract Action by any means, although the parties and their counsel were working to complete the ongoing appraisal and had an established channel of communication.

4. On March 28, 2022, Plaintiff filed a Second Amended Petition adding causes of action for bad faith as to all three insurance claims ("the Bad Faith Action"). See **Exhibit 5**. On April 1, 2022, Plaintiff served the Bad Faith Action on Underwriters via the registered agent listed on the face of the insurance policy. See **Exhibit 6**. This date, *less than 60 days ago*, was the first time any defendant became aware it was now the target of either breach of contract claims or bad faith claims in an umpire appointment action which was already over two years old, and which Underwriters had been actively told would be dismissed based upon the parties' agreement to an umpire over two years earlier. Underwriters' only knowledge of the state court action prior to that point had been as a routine umpire appointment proceeding which had long been resolved and which it believed had been dismissed by agreement.

5. On April 13, 2022, Plaintiff filed a Third Amended Petition, for the first time naming Vanguard and asserting bad faith claims against Vanguard. See **Exhibit 7**. Vanguard was served with the Third Amended Petition on April 25, 2022. See **Exhibit 8**.

6. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after service on Vanguard.

7. Although an action with the same cause number has been pending in Oklahoma County for nearly two years, Plaintiff used the original Umpire Action, which alleged no damages, as a procedural vehicle or placeholder to prevent removal by gradually adding new claims and damages to an existing state court cause number, not

serving intervening amended pleadings that functionally initiated a new lawsuit on Underwriters for nearly two years, and not disclosing its alleged damages at the outset of the litigation, thus preventing any defendant from having any knowledge of the true nature and scope of the dispute and the amount in controversy until April 2022 at the earliest, when the state court cause number had been in existence for over two years, although it was functionally three different lawsuits. Thus, the Court should consider this removal timely filed under 28 U.S.C. § 1446(c)(3)(B) as a result of Plaintiff's actions, which were calculated to prevent any Defendant from being aware of the damages sought within one year after the Umpire Action was first filed.

### III. BASIS FOR REMOVAL

8. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Underwriters pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. **The parties are diverse.** Plaintiff Twin Rock is organized under the laws of Delaware and has its principal place of business in Irvine, California, and thus is a citizen of **Delaware** and **California** for diversity purposes. On the other hand, no defendant is a citizen of Delaware or California. Defendant Vanguard, Inc. is incorporated in New Jersey and has its principal place of business in Woodbury, New Jersey, and thus is a citizen of **New Jersey** for diversity purposes. Defendant Underwriters is an unincorporated association of Lloyd's Syndicates, which are all citizens of the **United Kingdom** for diversity purposes.

10. **All defendants consent to the removal.** Defendants Underwriters and Vanguard are jointly represented by the undersigned, and Underwriters consents to this removal. Under 28 U.S.C. § 1446(b)(2)(C), Underwriters may consent to this removal more than 30 days after service on Underwriters

11. **Amount in controversy.** Plaintiff's Third Amended Petition alleges facts suggesting it is seeking actual damages exceeding $5 million, and also seeks punitive damages and attorney fees. The policy limit of the insurance policy issued by Underwriters to Plaintiff is $5 million per occurrence for all insured properties, and the current bad faith suit involves three claims allegedly arising out of different occurrences. It appears reasonably likely the amount in controversy exceeds $75,000 as to each Lloyd's Syndicate which may be severally liable for a portion of the loss, and this removal is therefore proper under 28 U.S.C. §1332.

12. Removal to the Western District of Oklahoma is proper because the state court action is pending in Oklahoma County, which is part of the Western District.

13. In compliance with 28 U.S.C. § 1446(a) and Local Civil Rule 81.2, Vanguard files with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, and (d) the state court docket sheet. **See attached Exhibits A-I.** Vanguard will separately file its Corporate Disclosure in compliance with FED. R. CIV. P. 7.1.

14. In compliance with 28 U.S.C. § 1446(d), Vanguard hereby certifies it will promptly notify the clerk of the court in the state court action and all adverse parties of this removal.

## IV. Conclusion and Prayer

15. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Delaware and California, while Defendants are citizens of New Jersey and the United Kingdom, respectively. The amount in controversy appears reasonably likely to exceed $75,000 as to each Lloyd's Syndicate, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant Vanguard hereby removes the referenced State Court Action to this Court with the consent of Defendant Underwriters.

16. Defendant demands a jury in this removed action.

17. THEREFORE, Defendant Vanguard Claims Administration, Inc. respectfully requests that the above-entitled action be removed from the District Court of Oklahoma County, Oklahoma to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

/s/ *Michael D. Duncan*
**Michael D. Duncan**, OBA#11601
Chubbuck, Duncan & Robey, P.C.
1329 Classen Drive
Oklahoma City, Oklahoma 73103
Telephone: (405) 236-8282
Facsimile: (405) 236-2828
mdduncan@chubbucklaw.com

and

*/s/ Christopher W. Martin*
**Christopher W. Martin**
Oklahoma Bar No. 21909
Email: martin@mdjwlaw.com
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P**.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:    (713) 222-0101

**Barrie J. Beer**
Texas Bar No. 02040750
beer@mdjwlaw.com

**Brad Allen**
Oklahoma Bar No. 21908
allen@mdjwlaw.com

**Amber R. Dunten**
Texas Bar No. 24010004
dunten@mdjwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **Defendant's Notice of Removal** was served this 20th day of May, 2022 on the following counsel of record in compliance with the Federal Rules of Civil Procedure by the method specified:

| | |
|---|---|
| Gerard F. Pignato<br>RYAN WHALEY<br>400 North Walnut Avenue<br>Oklahoma City, OK 73104 | Electronic delivery via CM/ECF |
| Aaron Stiles<br>DOWNTOWN LEGAL GROUP<br>114 West Main Street<br>Norman, OK 73069 | Electronic delivery via CM/ECF |

*/s/ Amber R. Dunten*
Amber R. Dunten